IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CR-190-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BRIAN HART HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's filing captioned "affidavit of truth ineffective assistance of counsel." The court generally lacks jurisdiction to award relief sought in the motion under applicable procedural and jurisdictional rules of law governing criminal case matters. However, a district court may opt to recharacterize a post-conviction motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 where it raises "potential grounds for relief" challenging the original judgment of conviction. See United States v. Harris, 304 F. App'x 223, 223 (4th Cir. 2008); United States v. White, 257 F. App'x 608, 609 (4th Cir. 2007).

Accordingly, where defendant's filing asserts potential grounds for challenging his conviction and sentence in post-conviction proceedings, the court hereby provides petitioner with notice, pursuant to Castro v. United States, 540 U.S. 375 (2003), that it intends to recharacterize the instant motion as an attempt to file a motion to vacate, set aside, or correct, his sentence under 28 U.S.C. § 2255. Pursuant to Castro, the court warns defendant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive motions." Castro, 540 U.S. at 383. In addition, the court provides defendant with an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Id. The court also notifies defendant of the § 2255 one year period of limitations, and the four dates in § 2255 to be used in determining the starting date for the limitations period. See 28 U.S.C. § 2255(f). Finally, the court notifies defendant there are requirements in the Rules Governing Section 2255 Proceedings for the United States District Courts for the form of a § 2255 motion and for preliminary review. See, e.g., Sanford v. Clarke, 52 F.4th 582, 586 nn. 3 & 5 (4th Cir. 2022); Title 28 U.S.C.A., Part VI, Chapter 153; see also Fed. R. Civ. P. 81(a)(4)(A); Local Civil Rule 81.2.

The court hereby permits defendant to file a response to the court's proposed recharacterization within **21 days** from the date of this order. The court advises defendant that if, within the time set by the court, he agrees to have the instant filing recharacterized or does not respond in opposition to the recharacterization, the court shall consider it to be a motion under § 2255. If, however, defendant responds within the time set by the court but does not agree to have the motion recharacterized, the court will not treat it as a § 2255 motion but will terminate the motion based upon the foregoing in accordance with the applicable procedural and jurisdictional rules of law governing criminal case matters.

SO ORDERED, this the 12th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge